Sovereign Camp Woodmen of the World v.
Alean Williams.

190 So. 500
Division A
Opinion Filed June 27, 1939
Rehearing Denied July 24, 1939

*R. P. Reese,* for Plaintiff in Error;
*Fisher & Fisher,* for Defendant in Error.

TERRELL, C. J.—In July, 1936, J. B. Williams was slain in his home at Pensacola by some unknown person. He held a policy of insurance with appellant at the time of his death which provided double indemnity to the beneficiary in the event of his accidental death but subject to Paragraph 10 of Section 57 of its by-laws, as follows:

"Tenth. That Association shall not be liable for the payment of double indemnity under any beneficiary certificate of the death of the member of accident where it is claimed that death resulted from accidental drowning, cutting, poisoning, hanging, inhalation of gas, discharge of firearms, or shooting, unless the fact that such drowning, cutting, poisoning, hanging, inhalation of gas, discharge of firearms or shooting was accidental shall be established by the testimony of at least one person other than the member, who was an eye witness to such drowning, cutting, poisoning, hanging, inhalation of gas, discharge of firearms or shooting."

Appellant declined to pay the policy on the theory that Alean Williams, the beneficiary and wife of the deceased, was accessory to his death and, being so, the quoted provision barred her from collecting any part of it. Alean Williams brought this action to recover double the amount named in the face of the policy on the theory that J. B. Williams came to his death by accidental means. There was a plea to the declaration which seeks relief from payment of the policy on the ground that plaintiff was accessory

to the murder of her husband. A trial resulted in a verdict and judgment for plaintiff. Defendant sued out writ of error.

Ten questions are urged for reversal but they all revolve around and turn on the proof in support of the affirmative defense of defendant, viz., that plaintiff was accessory to the murder of her husband.

It is admitted that the insured came to his death by mysterious means. It is not denied that he was murdered in his own home but there is a complete failure in the proof to connect defendant in error with the murder. It matters not what else was proven or what other error may have been committed; if there was failure on this point the case falls. We have examined the other questions but find no reversible error.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21- ofA the Rules of this Court.